IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  12-10057-MLB |
| ) | |
| ENI OYEGOKE-NIOLA, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the court are the following:

1. Defendant's pro se[1] motion pursuant to 28 U.S.C. § 2255 (Doc. 88);

2. Government's response (Doc. 89); and

3. Defendant's reply (Doc. 90).

<u>Background</u>

In its decision of November 14, 2013, the Tenth Circuit summarized defendant's offenses of conviction as follows:

> After Defendant pleaded guilty, the probation office prepared a PSR.  Unchallenged portions of the PSR set forth the following: Defendant is a citizen of Nigeria who had resided in Great Britain before coming to this country. In Great Britain he had been convicted of several felonies involving fraud and deception. He entered the United States in 2009 on a visa by falsely stating in his visa application that he had not been convicted of a crime. In 2011 he submitted an application for status as a permanent resident, again falsely answering that he had no criminal convictions. The 2011 false statement was the basis for his conviction under 18 U.S.C. § 1546. Defendant's mail fraud conviction under 18 U.S.C. § 1341 was based on his use of

---

[1] Defendant undoubtedly will appeal this order and anyone reading it should be aware that defendant has a bachelor's degree in computer engineering and an MBA.  He is not the typical unschooled <u>pro se</u> litigant.

>   the mails to engage in an identity-theft scheme. He would purchase merchandise with credit cards issued to other persons and have the merchandise delivered to him.

United States v. Oyegoke-Eniola, 734 F.3d 1262 (10th Cir. 2013).

The Circuit determined that I abused my discretion because I did not properly resolve objections to two guideline enhancements set forth in the presentence report. When the Statement of Reasons was filed, it indicated that I adopted the presentence report without change. Defendant's appellate counsel caught this error and the Circuit vacated defendant's sentence and remanded for further proceedings. The Circuit also addressed defendant's claim that I should not have considered his statements made in connection with a Kastigar letter. It pointed out that, in the absence of a specific agreement in the Kastigar letter that it could be used for an upward guideline departure, ". . . neither the guidelines nor our cases address the use of immunized statements to vary upwards, and at least one court has suggested that § 1B1.8(a) does not apply to variances. See United States v. Patel, 457 F. Appx. x 549, 551 (6th Cir. 2012)." Id. at 12. The Circuit went on to say that I should determine ". . . in the first instance whether it can (or wishes to) use Defendant's statements for sentencing purposes." Id.

I ordered the preparation of an amended presentence report (Doc. 82) and on March 24, 2014, I held an evidentiary resentencing hearing (Doc. 87). I declined to impose the two enhancements. The Kastigar letter did not come up during resentencing and I did not consider the letter or its contents in imposing a new sentence. (Had I done so, I would have at the very least cited and discussed 18 U.S.C. § 3661). At the time defendant was resentenced, he had already served the re-

-2-

calculated guideline sentence so I imposed a sentence of time-served. Defendant did not object to the sentence and he filed a written waiver of appeal on March 25, 2014 (Doc. 84).

At the time of resentencing, defendant was subject to an immigration detainer. I have been informed by the U.S. Attorney that on August 7, defendant was ordered deported but that he has filed an appeal. Defendant has been denied bond pending completion of the immigration proceedings and I commend the immigration judge for making those decisions.

## Discussion

Defendant makes two claims in support of his § 2255 motion: (1) his conviction under 18 U.S.C. § 1546 must be set aside because he either did not make a false statement or if he did, it was not made under oath and was not material and (2) his conviction under 18 U.S.C. § 1341 must be set aside because it was based on statements covered in the Kastigar letter. The first claim was not raised in any manner in defendant's direct appeal. A claim concerning the Kastigar letter was raised on direct appeal, but only in connection with its use as part of his original sentencing.[2]

---

[2] I'm aware of the Tenth Circuit cases which state that if a district court, sua sponte, raises a procedural defense, it must give the defendant an opportunity to respond. See e.g., United States v. Montoya, 294 Fed. Appx. 405, 2008 WL 4332535, fn 3 (2008). Apparently this rule does not apply to the Circuit and, perhaps, it no longer applies at all. See United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012). (The district court apparently raised and applied procedural default and the Circuit said nothing about failure to give notice.)

In any event, I'm not denying defendant's motion on grounds of procedural default. However, it is worth noting that defendant was given opportunities to testify and to speak at the resentencing hearing and he declined both (Doc. 87 at 40 and 50). In other words, he failed to mention the claims he's now making.

In his motion, defendant is not contending that any of his lawyers were ineffective because they did not raise the two claims now before me. This is clear from his reply, which states: "Digressing to the issue of ineffective of counsel. An issue that is irrelevant in this case based on the fact that defendant's motion and legal authorities already invalidates the government's claim and also focuses on miscarriage of justice." (Doc. 90 at 2).

The factual bases for defendant's pleas, as set forth in his plea agreement, are as follows:

> 2. <u>Factual Basis for the Guilty Plea</u>. The parties agree the facts constituting the offense to which the Defendant is pleading guilty are as follows:
>
> COUNT ONE
>
> On August 29, 2011, the Defendant prepared and signed, under penalty of perjury, an Application To Register Permanent Residence or Adjust Status (Form 1-485). In response to the question as to whether he had ever been "arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking any law," the Defendant truthfully answered yes, however, in his required explanation of this answer, he stated "I was arrested but not charge(sic). Released after been (sic) interviewed about some set of people I came in contact with while living in Wichita, KS." This explanation was false. Prior to the Defendant's admission into the United States he was convicted in Great Britain on 10 separate felony counts in two different cases and sentenced to eighteen months and two years in prison, respectively, for said convictions.
>
> COUNT TWO
>
> On or about March 7, 2011, an order was placed with Blanchard and Company, Inc., for the purchase of approximately $9,480.00 in gold coins. This order was placed using the name of "Joel G.," and the payment was made by use of a credit card belonging to "Joel G." The person placing the order directed that the coins be delivered to 2323 N. Woodlawnd (sic) Blvd, Apt. 719, Wichita, Kansas. The gold coins were delivered to 2323 N. Woodlawn, #719, Wichita, Kansas, on March 28, 2011, and the person accepting said delivery signed for the package using the identity of "J. G." "Joel G." did not reside at 2323 N.

> Woodlawn, #719, Wichita, Kansas. Defendant Oyegoke admits that he aided and abetted the mail fraud scheme by taking possession of the fraudulently obtained gold coins and then selling said coins on behalf of others.

(Doc. 20 at 2-3).

I went over the plea agreement in detail and defendant admitted that paragraph 2 accurately set out what happened and what he did (Doc. 63 at 10-11).  At no time did defendant or his retained counsel (one of the more experienced defense counsel in Kansas) raise any issue regarding the plea agreement's language, nor was any claim ever asserted regarding the validity of the charges.  As the Circuit noted, the PSR's recitation of defendant's fraudulent conduct was not objected to.

In its response, the government raises defendant's § 2255 waiver in his plea agreement.[3]  Defendant does not contend (nor can he) that he did not understand the waiver.  The waiver is enforceable and bars defendant's motion.  Moreover, a voluntary plea admits all essential elements of the offense.  United States v. Marshall, 432 1157, 1160 (10th Cir. 2005).  Defendant does not contend, nor can he, that his plea was not voluntary.  A voluntary plea of guilty is an admission of all facts and is not subject to collateral attack.  United States v. Burns, 934 F.2d 1157, 1159 (10th Cir. 1991).

## Conclusion

Defendant's motion needs to be recognized for what it is: an

---

[3]The Defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. Section 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179,1187 (10th Cir. 2001)].  (Doc. 20 at 10).

-5-

illegitimate attempt to postpone his inevitable deportation. His motion is especially offensive because he lied his way into the United States and then continued to commit crimes here. The only miscarriage of justice in this case is that defendant was allowed into the United States in the first place, which may have prevented a truthful, law-abiding applicant from entry. Whatever may be one's view of this country's immigration system and policies, and I express none here, there can be no question that this defendant committed the offenses of conviction and deserves to be removed from the United States at the earliest possible date.

The court finds that the files and records clearly show that defendant is not entitled to relief and therefore his motion (Doc. 88) is denied. A copy of this Memorandum and Order shall be forwarded to the appropriate immigration authorities.

IT IS SO ORDERED.

Dated this __10th__ day of September 2014, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
